UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRON JOHNSON,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-520-JD-MGG

SMITH,

    Defendant.

## OPINION AND ORDER

Tyron Johnson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges he stabbed another offender, Jerome Williams, "for good reason" on January 12, 2022. ECF 1 at 2. On January 31, 2022, Disciplinary Hearing Board Officer Ms. Smith issued Johnson a restitution sanction of up to $100,000 "for medical expenses for Offender Williams." *Id*. Johnson claims there was no "medical bill evidence presented to [him]" at the disciplinary hearing "to support an allegation that this amount was ever paid by the Indiana DOC." *Id*. Johnson claims that restitution is

improper because the Indiana Department of Correction (IDOC) has a private insurance provider which pays all of their medical expenses. He claims his Fourteenth Amendment rights were violated by the imposition of the sanction, and he has sued Disciplinary Hearing Board Officer Ms. Smith in order to remove the sanction and refund the $384.82 that has been taken from his account.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). It may be assumed that "Indiana prisoners have a property interest in the funds in their trust accounts." *Hull v. Cooke*, No. 22-2848, 2024 WL 81104, at *2 (7th Cir. Jan. 8, 2024), *reh'g denied*, No. 22-2848, 2024 WL 644676 (7th Cir. Feb. 15, 2024). Thus, where an inmate alleges funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he may potentially state a claim pursuant to the Due Process Clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015)

(dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added). However, where an inmate is provided with a hearing consistent with *Wolff*, due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. *Campbell*, 787 F.2d at 224 n.12.

Here, Johnson's claims are sparse and do little to shed light on the proceedings that allegedly deprived him of his due process rights. He hasn't suggested he was denied any of the specific *Wolff* factors noted above in connection with the hearing. *See Campbell*, 787 F.2d at 224 n.12 ("It is obvious that a *Wolff*-hearing, as was conducted in Campbell's case, if sufficient for the revocation of good-time credits, must be so for the entry of the restitution and impoundment orders."). Nor has he plausibly alleged the restitution sanction itself was not supported by "any" evidence.[1] Although Johnson claims he wasn't presented with "medical bill evidence" during the hearing to show the IDOC had actually paid those medical expenses, that is not a requirement necessary to satisfy due process. *See e.g., Tonn*, 607 Fed. Appx. at 590 (recognizing a distinction between a claim "asserting a right to *see* the evidence of costs," which does not necessarily violate due process, and a claim that a "hearing was devoid of [any] such evidence," which can trigger due process concerns) (emphasis in original); *see also Hull*, No. 22-2848, 2024 WL 81104, at *2–3 (affirming district court decision that "some evidence" supported the restitution sanction, noting that IDOC policy allows

---

[1] In fact, two of the sparse details Johnson *does* provide are that he stabbed another inmate and that the restitution was "for" that inmate's medical expenses.

3

assessment of a restitution sanction "up to" an estimated amount when it is not initially ascertainable,[2] and finding that even if there were irregularities in subsequently implementing the withdrawal of restitution, "[a] state actor's violations of the disciplinary code or other state law does not amount to a violation of federal due process"). Accordingly, Johnson hasn't stated a plausible Fourteenth Amendment claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)).

This complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

---

[2] IDOC Policy and Administrative Procedure Disciplinary Code for Adult Offenders, number 02-04-101 § IX(E)(3), provides that restitution may be imposed as a sanction for a disciplinary offense. With regard to restitution for medical expenses, footnote five of that section states, "If it is not possible to determine the amount of medical restitution at the time of hearing due to ongoing medical treatment or a delay in receiving the medical bills, the Disciplinary Hearing Officer may assess a medical expense restitution sanction up to an estimated amount. . . . [A] Disciplinary Hearing Officer is encouraged to use his or her own judgment and experience to determine the appropriate amount of an estimate. . . . A Disciplinary Hearing Officer shall make certain that appropriate facility personnel are aware of an ongoing medical restitution sanction, and that a hold is placed upon the offender's trust account if appropriate."

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.[3]

For these reasons, the court:

(1) GRANTS Tyron Johnson until **June 11, 2024**, to file an amended complaint; and

(2) CAUTIONS Tyron Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on May 8, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[3] Additionally, in his second amended complaint, Johnson needs to provide further details about the disciplinary proceedings at issue including which infraction(s) he was charged with, what sanctions were imposed as a result of the finding of guilt, and what specific acts—and by whom—led to the violation of his due process rights. If available, Johnson should attach legible copies of the report of conduct, screening report, report of disciplinary hearing, letter from a final reviewing authority, and any other relevant documents.